**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4498**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL LEE WESTBROOK,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:16-cr-00760-TMC-1)

Submitted: January 30, 2018                                  Decided:  February 1, 2018

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender,  OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lee Westbrook appeals his conviction and the 210-month sentence imposed after he pled guilty, without a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(c) (2012). Westbrook's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but questioning the reasonableness of Westbrook's sentence. Westbrook has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. Finding no reversible error, we affirm.

Although we review Westbrook's sentence for reasonableness, applying an abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 46 (2007), we review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575–76 (4th Cir. 2010). Our review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. First, we assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49–51; *Lynn*, 592 F.3d at 575–76. If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" *United States v. Mendoza–Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be

2

rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the sentencing proceeding reveals no error by the district court. The district court correctly calculated Westbrook's Guidelines range, listened to counsel's arguments, and adequately explained its reasons for imposing the 210-month sentence. Westbrook offers nothing to rebut the presumption of substantive reasonableness this court affords his within-Guidelines sentence. We thus conclude that Westbrook's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Westbrook, in writing, of the right to petition the Supreme Court of the United States for further review. If Westbrook requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Westbrook. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3